**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
TRENTON DIVISION**

| | | |
|---|---|---|
| **EDWARD FORCHION, and** | ) | |
| **NJWEEDMAN'S JOINT LLC,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **CAFN:** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **CITY OF TRENTON, NEW JERSEY** | ) | |
| | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **Defendants.** | ) | |

**COMPLAINT FOR EQUITABLE RELIEF; EMERGENCY TRO; AND
DAMAGES**

Plaintiffs, Edward Forchion and NJWeedman's Joint LLC ("The Joint"), by

and through counsel, file this Complaint seeking monetary damages, using 42

U.S.C. § 1983 as a vehicle to vindicate the violation of his First Amendment Rights.

**INTRODUCTION AND RELEVANT FACTS**

1.

Defendant has reverted back to its same old unconstitutional ways. After Mr.

Forchion filed a lawsuit against the City accusing it of using its police department

to retaliate against him, and then after the City admitted that it had issued nearly

seven months of citations against Mr. Forchion's business--unlawfully—the City literally sabotaged downtown safety by reducing its police presence down to almost nothing. Then, when violence broke out, the City had the audacity to blame Mr. Forchion and his legitimate (and safe) business. Indeed, the Mayor, in Executive Order 25-01, made the following preposterous and unsupported accusation against Mr. Forchion and his business, after the Mayor deliberately placed the City in harm's way by stripping downtown of nearly all police presence: "the continued failure of **certain establishments and individuals** [i.e., Mr. Forchion and his business] to comply with legal norms endangers servants, evidenced by recent assaults on Trenton Police personnel, and further threatens the health, safety, and welfare of the broader community." (See Ex. 1, Executive Order 25-01.) Again, this is an outlandish attack on Mr. Forchion's community reputation in an effort to destroy his business. Because of this, after Mr. Forchion follows all notice requirements, then, **he will file suit against Mayor Gusciora personally for defamation**.

2.

That established, the City has continued its retaliation against Mr. Forchion. After a recent victory in which Mr. Forchion defeated the City's attempt to dismiss his federal lawsuit, and because Mr. Forchion continues to shine that bright light message—"Our City Government Sucks"—onto City Hall, the City is now trying to

permanently shutter Mr. Forchion's business with Executive Order 25-1 ("EO 25-1"). EO 25-1 promulgates two significant regulations to accomplish this unlawful goal.

3.

First, the City passed a curfew (against adults no less in an "entertainment zone" that says "**Effectively immediately**, all businesses located on East State Street between Carroll Street and South Broad Street **shall cease operations each evening between the hours of 10:00 p.m. and 7:00 a.m. starting Friday, July 18, 2025, and terminating on Monday, August 17, 2025, . . . .**" (Emphasis in original, See Ex. 1.) The City knows full well that Mr. Forchion's is the principal business open after 2 a.m. on any day and that this curfew will ruin his business.

4.

Second, in conjunction with that curfew, the City has ordered "increased police presence and parking enforcement during late night hours near City Hall [and Mr. Forchion's business]." Consequently, in addition to shutting down all of Mr. Forchion's business after 2 a.m., the City has stifled the ability of patrons to even park, so that they may visit Mr. Forchion's establishment prior to 10 p.m.

5.

Taking the above two regulations and combining them with the audacious attempt to literally blame Mr. Forchion as the culprit for heinous criminal acts for which the City is actually responsible, leaves little doubt that Mr. Forchion's business will most likely be shuttered well before August 17, 2025. (See EO 25-1.) The City knows that and for these reasons and many more, Mr. Forchion files this second lawsuit as a companion to his most recent lawsuit and every lawsuit he has ever filed against the City for its conspicuous, unlawful retaliation due to Mr. Forchion's championing of his First Amendment rights and the First Amendment rights of others to criticize the City of Trenton, New Jersey.

## JURISDICTION AND VENUE

6.

Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343(a) (4), as well as under 42 U.S.C. § 1983, and Venue is proper under 28 U.S.C. § 1391(b).

## THE PARTIES

**Edward Forchion, Plaintiff**

7.

Edward Forchion is a resident of New Jersey and a Member of Liberty Bell Temple III, LLC and NJWEEDMAN'S JOINT LLC. The facts specific to Mr. Forchion can be found in the Relevant Facts and Counts sections, infra.

**NJWEEDMAN'S JOINT LLC, Plaintiff**

8.

At all times relevant to this Complaint, NJWEEDMAN'S JOINT LLC ("The Joint") is a New Jersey limited liability company, licensed to do business as a restaurant at 322 East State Street, Trenton, NJ  08608. The facts specific to The Joint can be found in the Relevant Facts and Counts sections, infra.

**City of Trenton, New Jersey, Defendant**

9.

At all times relevant to this Complaint, the City of Trenton is a duly enacted political subdivision of the State of New Jersey and manages, directs, and controls the Trenton Police Department.

**RELEVANT FACTS**

**Edward Forchion, outspoken marijuana activist and thorn in the City's side**

10.

This Complaint is related to another federal action, for which Mr. Forchion has incorporated its relevant facts section for purposes of background leading up to this current dispute. (See Ex. 2., Amended Complaint with respect to pending lawsuit.)

**COUNT I**
**FIRST AMENDMENT RETALIATION VIOLATION**
**UNDER 42 U.S.C. § 1983**
*(against Defendant)*

11.

Plaintiffs hereby incorporate paragraphs 1 through 4, 9 *and any paragraph this Court deems relevant*, into this Count.

12.

In addition to the facts incorporated to support this Count I, recently, Mr. Forchion transmitted the same light message onto the same City building and within twelve (12) hours, the City shut down essentially, all parking—a reality that the City knew would have the effect of closing down Mr. Forchion's business because no one could park downtown to visit his establishment. The City, then, days later passed Executive Order 25-01, which states in relevant part "**Effective immediately**, all businesses located on East State Street between Carroll Street and South Broad Street **shall cease operations each evening between the hours of**

**10:00 p.m. and 7:00 a.m. starting Friday, July 18, 2025, and terminating on Monday, August 17, 2025**, . . ." (Emphasis in original). The City knows EO 25-01 targets Mr. Forchion's business because his business is the principal business located on East Street between Carroll Street and South Broad Street that is open after 2 a.m. on any day. Based on the above in this Count and all the facts incorporated to support this Count, the Defendant has continued its First Amendment retaliation against Mr. Forchion.

### COUNT II
### 5TH AMENDMENT REGULATORY TAKING AS APPLIED TO THE DEFENDANT CITY THROUGH THE 14TH AMENDMENT
*(against Defendant)*

13.

Plaintiffs hereby incorporate paragraphs 1 through 4, 9, *and any paragraph this Court deems relevant*, into this Count.

14.

The City passed Executive Order 25-01, which, *inter alia*, (1) shuts down all parking downtown near Mr. Forchion's business or as the City orders "[I]ncreased police presence and parking enforcement during late-night hours near City Hall [and Mr. Forchion's business];" and "**Effective immediately**, all businesses located on East State Street between Carroll Street and South Broad Street **shall cease**

**operations each evening between the hours of 10:00 p.m. and 7:00 a.m. starting Friday, July 18, 2025, and terminating on Monday, August 17, 2025**, . . .” (Emphasis in original).

15.

In addition to the above, the City knows EO 25-01 targets Mr. Forchion's business because his business is the principal business located on East State Street between Carroll Street and South Broad Street, which is open after 2 a.m. on any day. Consequently, forcing Mr. Forchion to shut down at 10 a.m. while also essentially prohibiting parking prior to 10 p.m. effectively shutters Mr. Forchion's business, a reality that without question severely restricts Mr. Forchion's business to the point of robbing Mr. Forchion of the economic benefit enjoyed previously by his business without just compensation by the Defendant City. Based on the above in this Count and all the facts incorporated to support this Count, the Defendant has effectuated a regulatory taking against Mr. Forchion and thus owes Mr. Forchion, at minimum, the fair market value for his business.

## COUNT III
## REQUEST FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF REGARDING SIGNIFICANT HARM BY THE DEFENDANT
*(against Defendant)*

16.

Plaintiffs hereby incorporate paragraphs 1 through 4, 9, *and any paragraph this Court deems relevant*, into this Count.

17.

Based on all paragraphs incorporated to support this Count, Mr. Forchion requests that this Court declare that the City Government, through its enactment of EO 25-01, has effectuated a governmental taking of Mr. Forchion's business/property. Relevant, EO 25-01 is continual in its force and effect over the next approximately thirty (30) days (August 17, 2025). Consequently, the government owes Mr. Forchion, at minimum, fair market value for his business/property.

<u>**COUNT IV**</u>
<u>**REQUEST FOR INJUNCTIVE RELIEF AND AN EMERGENCY TRO REGARDING SIGNIFICANT REPUTATIONAL HARM BY THE DEFENDANT**</u>
*(against Defendant)*

18.

The City has blamed Mr. Forchion for violence that neither he nor his business have caused or have even been associated with. Specifically, the City has stated, as a reason for EO 25-01 that "the continued failure of **certain establishments and individuals** [i.e., Mr. Forchion and his business (emphasis added)] to comply with legal norms endangers public servants, evidenced by recent

assaults on Trenton Police personnel, and further threatens the health, safety, and welfare of the broader community." (See EO 25-01.) Based on this fact, and the fact that this reputational harm has been spread throughout the City to thousands of persons and the fact the EO 25-1 continues to be a public record that significantly harms Mr. Forchion's reputation, designating him **and his business** as culprits with respect to heinous and violent acts, Mr. Forchion requests that this Court enjoin the City Government from further executing EO 25-01, and at the very least, enjoin the government from continuing with this damaging reputational attack, for which there is simply no supporting evidence.

## COUNT V
## ATTORNEY FEES

19.

**Based on the facts alleged in this Complaint,** Mr. Forchion and The Joint are entitled to attorney fees, under all applicable laws, because Defendants acted with a willful and wanton indifference to the laws that protect these Plaintiffs' rights.

**WHEREFORE**, Plaintiffs pray for a trial by jury of twelve and judgment against Defendants as follows:

(a) That process issue and service be had on each Defendant;

(b) That judgment requested be granted in favor of the Plaintiffs against the Defendants, jointly and severally, for the injuries of Plaintiffs;

(c) That Plaintiffs recover attorney's fees, costs of litigation, and other expenses in an amount to be determined at trial;

(d) Plaintiffs be awarded damages for loss of earnings and reduction in earning capacity from Defendants;

(e) That a jury trial be had on all issues so triable; and

(f) That Plaintiffs receive such other and further relief as the Court deems just and proper.

Respectfully Submitted: **July 22, 2025**,

**By: Mario Williams, Esq.**
**Admitted *Pro Hac Vice***

**/s EDWARD N. TOBIAS**

Edward N. Tobias, Esquire
(ET4118)
Attorney for Plaintiffs

**EDWARD N. TOBIAS, ESQ.**
125 Hardenburg Lane
East Brunswick, N.J. 08816
Tel.: 732-839-5633
Email: tobiaslaw@verizon.net
Email: entobiaslaw@gmail.com
*Counsel for Plaintiffs*

(a) That process issue and service be had on each Defendant;

(b) That judgment requested be granted in favor of the Plaintiffs against the Defendants, jointly and severally, for the injuries of Plaintiffs;

(c) That Plaintiffs recover attorney's fees, costs of litigation, and other expenses in an amount to be determined at trial;

(d) Plaintiffs be awarded damages for loss of earnings and reduction in earning capacity from Defendants;

(e) That a jury trial be had on all issues so triable; and

(f) That Plaintiffs receive such other and further relief as the Court deems just and proper.

Respectfully Submitted: <strong><u>July 22, 2025</u></strong>,

**By: Mario Williams, Esq.**
**Admitted *Pro Hac Vice***

**/s EDWARD N. TOBIAS**

Edward N. Tobias, Esquire
(ET4118)
Attorney for Plaintiffs

7-22-25

**EDWARD N. TOBIAS, ESQ.**
125 Hardenburg Lane
East Brunswick, N.J. 08816
Tel.: 732-839-5633
Email: tobiaslaw@verizon.net
Email: entobiaslaw@gmail.com
*Counsel for Plaintiffs*